THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
LEAH S. STRICKLAND [SBN 265724]
lstrickland@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant MIDLAND
FUNDING, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE HAUSWIRTH,<br><br>       Plaintiff,<br><br>    v.<br><br>MIDLAND FUNDING, LLC; LEGAL RECOVERY LAW OFFICES, INC.; and MARK D. WALSH,<br><br>       Defendants. | Case No. 12-CV-0711 DMS (DHB)<br><br>**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |

## I.  **Introduction**

The issue before the Court is whether Plaintiff Charlie Hauswirth ("Plaintiff") must provide to Midland Funding LLC ("Midland" or "Defendant") information regarding his banking records in response to Midland's interrogatories.

## II.  **Midland's Position**

In this Fair Debt Collection Practices Act ("FDCPA") case, Plaintiff claims that Midland violated the FDCPA when it alleged an account stated cause of action against Plaintiff in a state court debt collection action.  Plaintiff's theory is that he never agreed to a final statement of the account and never agreed to a new contract to replace the original credit card agreement, and that Midland's state court complaint was therefore misleading and violated the FDCPA.

Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (f) 619.231.4755

Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (f) 619.231.4755

1    As part of its defense, Midland is seeking to establish that (1) Plaintiff

2    obtained and used the credit account at issue in the case, (2) that Plaintiff received

3    billing statements on the account, and (3) that Plaintiff never objected to those

4    billing statements—which California courts have held is sufficient support an

5    account stated. *See, e.g., Zinn v. Fred R. Bright Co.*, 271 Cal. App. 3d 597, 600

6    (1969) ("in the usual situation, [an account stated] comes about by the creditor

7    rendering a statement of the account to the debtor. If the debtor fails to object to the

8    statement within a reasonable time, the law implies his agreement that the account is

9    correct as rendered.").

10   To establish the first two points, Midland served discovery on Plaintiff

11   requesting, among other things, (1) that Plaintiff admit he owned the credit account

12   at issue and used it to purchase goods or services (Request for Admission ("RFA")

13   Nos. 1 & 2, attached as **Exhibit 1**[1]); (2) that Plaintiff admit he received billing

14   statements on the account (RFA No. 5); (3) that Plaintiff state whether he obtained

15   the credit card account at issue (Interrogatory ("Rog") No. 2, attached as **Exhibit 2**);

16   (4) that Plaintiff state whether he used the credit card to purchase goods or services

17   (Rog No. 3); (5) that Plaintiff state whether he received billing statements for the

18   credit card at issue (Rog No. 5); and (6) that Plaintiff identify the financial accounts

19   he maintained during a specified time period, or from which he made any payment

20   toward any balance due for the credit card at issue (Rog Nos. 8 & 9).

21   In response, Plaintiff (1) denied he had owned or used the account at issue

22   (RFA Nos. 1 & 2); (2) denied received any billing statements on the account (RFA

23   No. 5); (3) claimed he could not say "whether or not he received a credit card with

24

25   [1]  Because Plaintiff reproduced Midland's requests in his responses, in the interests
26   of brevity and for the Court's convenience Midland attaches only Plaintiff's
     responses. Plaintiff's Responses to Midland's Requests for Admissions are attached
27   as **Exhibit 1**; Plaintiff's Responses to Midland's Interrogatories are attached as
     **Exhibit 2**.
28

Solomon Ward Seidenwurm & Smith, LLP

401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (t) 619.231.4755

1   that exact account number" (Rog No. 2); (4) again claimed he could not say

2   "whether or not he received a credit card with that exact account number" (Rog No.

3   3); (5) claimed he could not "say whether he received billing statements for the

4   credit card account" at issue (Rog No. 5); and (6) objected to identifying his

5   financial accounts because the request was "not reasonably calculated to lead to

6   discoverable information" and on grounds of privacy (Rog Nos. 8 & 9).

7       Because Midland has possession of billing records accurately reflecting

8   Plaintiff's name and address (attached as **Exhibit 3**), Midland believes that

9   Plaintiff's answers were less than complete.  As such, the parties met and conferred

10  on this issue, as well as the identification of the financial accounts, via letter,

11  telephone, and in person.

12      In response to the parties' meet and confer efforts, Plaintiff's counsel sent a

13  letter, which is attached as **Exhibit 4**.  As relevant to this motion, he stated that:

14          [H]e recalls at one time having an account with Chase. He does not
            recall the agreement attached as being his. He does not have a specific
15          recollection of making payments in the amount listed, but had a prior
            history of making minimum monthly payments on similar accounts.
16          Further, he would make any payments on his accounts, Chase included,
            with a money order, so any banking records would not evidence
17          payment on the account.

18  (Exhibit 3.)  Plaintiff has not agreed to provide the financial account information.

19  **Plaintiff's Financial Account Information Is Discoverable**

20      Plaintiff objected to identifying his financial account on the grounds of

21  relevancy and privacy.  Both claims fail.

22      As this Court knows, a party is entitled to discover any nonprivileged matter

23  relevant to any party's claim or defense. Fed. R. Civ. Proc. 26(b).  Particularly in

24  these circumstances, Plaintiff's banking information is directly relevant to Plaintiff's

25  claims and Midland's defenses.  If Plaintiff claims he cannot remember whether he

26  owned this account or received account statements, Midland requires another

27  avenue for establishing his ownership of the account.  Plaintiff claims he would

28  have made payments with a money order, but Midland is not obligated to take

Solomon Ward Seidenwurm & Smith, LLP

401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (f) 619.231.4755

1   Plaintiff's word on this, particularly in light of his averred lack of memory on other
2   issues. Additionally, even if this were true, if there are money order transactions on
3   the account or withdrawals in the approximate amount of his payments reflected in
4   the billing statements, such information would tend to prove that Plaintiff was
5   making payments on the account, and therefore in fact owned the account, received
6   billing statements, and did not object to them—issues directly relevant to the claims
7   and defenses in this case. Midland has attempted to obtain this information through
8   less intrusive means, but Plaintiff's claimed memory failure has made that attempt
9   futile. Plaintiff claims that these issues can be established through the Original
10  Creditor's billing records—but Midland already has those records, which show that
11  someone with Plaintiff's name and Plaintiff's address owned, used, and made
12  payments on the account. Plaintiff refuses to admit this in discovery, so Midland
13  needs access to Plaintiff's bank records to show that Plaintiff made payments on the
14  account, which tends to prove all of the above.

15      Plaintiff's privacy claim fails as well. Plaintiff has the burden to prove that
16  this information is privileged. *See, e.g.*, *Kelly v. City of San Jose*, 114 F.R.D. 653,
17  662 (N.D. Cal. 1987) ("because privileges operate in derogation of the truth finding
18  process the law places the burden of proving all the elements essential to invoking
19  any privilege on the party seeking its benefits"). He cannot.

20      Federal Rule of Evidence ("FRE") 1101 provides that the rule of evidentiary
21  privilege of the FRE applies to all stages of proceedings before Unites States district
22  courts. Fed.R.Evid. 1101(a) & (c). Under the FRE, "evidentiary privileges in
23  federal question cases are governed by federal common law.*" Dole v. Milonas*, 889
24  F.2d 885, 889 n. 6 (9th Cir.1989) (*citing United States v. Zolin*, 491 U.S. 554, 109
25  S.Ct. 2619, 105 L.Ed.2d 469 (1989); *see also United States v. Hodge and Zweig*,
26  548 F.2d 1347, 1352–53 (9th Cir.1977)). Federal courts do not recognize a right to
27  privacy in banking records. *In re Yassai*, 225 B.R. 478, 483 (Bankr. C.D. Cal. 1998)
28  ("assuming that a state constitution creates 'a right to privacy in financial records,

Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (f) 619.231.4755

1  such state privilege[ ] do[es] not preclude discovery' of bank records 'in a federal

2  court suit.'").

3       Even if there were a recognizable federal privacy interest in banking records,

4  under the federal balancing test applicable to privilege claims, Midland is entitled to

5  discover the information. Resolution of a privacy objection requires a balancing of

6  the need for the information sought against the privacy right asserted. *Perry v. State*

7  *Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir.1984), *cert. den.* 469 U.S.

8  1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985) (requests for court orders for release of

9  information from government agencies should be evaluated by balancing need for

10 disclosure against potential harm to the subject of the disclosure). A carefully

11 drafted protective order minimizes the impact of disclosure and weighs in favor of

12 discovery—even where the privilege at stake is much more compelling than that

13 here. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 662, 666 (N.D. Cal. 1987)

14 (discussing discovery of police procedures and other internal police department

15 documents).

16      As discussed above, Midland attempted to obtain this information through

17 less intrusive means, but Plaintiff's claimed ignorance has made that attempt futile.

18 And as this Court knows, a protective order already exists in this case, which

19 Plaintiff is free to invoke and which minimizes any potential harm to Plaintiff.

20 Plaintiff's privacy right—if it even exists in this case—is outweighed by Midland's

21 legitimate need for this information, especially in light of Plaintiff's professed

22 inability to recall receiving the billing statements sent to Plaintiff at his admitted

23 address.

24 **III.**  **Plaintiff's Position**

25      Defendant misunderstands Plaintiff's legal theory and what is at issue in this

26 case. As Defendant states, Plaintiff alleges that Defendants violated the FDCPA

27 when they stated a cause of action against Plaintiff in state court collection action

28 for an "account stated". However, despite identifying the issue, Defendant fails to

comprehend the underlying argument raised by Plaintiff, i.e. that it was false to allege Account Stated in the state court collection action because the required elements of an account stated were not present.

An account stated is a contract which replaces another contract *Mercantile Trust Co. v. Doe*, 26 Cal. App. 246, 252 (Cal. App. 1914), *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 602 (Cal. App. 4th Dist. 1969). An account stated requires an offer, acceptance, and consideration. Consideration, in the context of account stated, is formed by a compromise between the parties as to the outstanding account balance due from the debtor to the creditor. *Gardner v. Watson* 170 Cal 570, 574 (1915). Furthermore, an account stated can only be formed between two parties with a prior relationship, in this case the original creditor and the debtor. *Trafton v. Youngblood*, 69 Cal. 2d 17, 26 (Cal. 1968), *Gleason v. Klamer*, 103 Cal. App. 3d 782, 786-787 (Cal. App. 2d Dist. 1980).

Here, Defendant contends that Plaintiff and the original creditor formed an account stated when the original creditor rendered a final billing statement to Plaintiff, which Plaintiff received and did not dispute. While Plaintiff acknowledges that a final billing statement could be the writing which creates an account stated between a consumer and his creditor, in certain, narrow circumstances, Plaintiff does not allege such facts arose in this case.

An account stated requires intent of the offering party (the original creditor) to enter into an account stated and thereby waive previous contracts and all terms contained in such preceding contracts. *Coffee v. Williams*, 103 Cal. 550, 556 (Cal. 1894). A billing statement could contain the terms of an account stated between the parties, however any writing confirming the creation of an account stated must possess an element of finality. *American Fruit Growers, Inc. v. Jackson*, 203 Cal. 748, 751 (Cal. 1928).

For the most part, billing statements have nothing to do with an account stated. At best, one billing statement, specifically a final billing statement

Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (f) 619.231.4755

1  (commonly referred to as a "charge off statement" in the industry vernacular), might

2  be relevant to establishing an account stated, but even then, this billing statement

3  would only be relevant if it demonstrated, on its face, with clearness and certainty

4  that it was intended by the parties to document a a final settlement up to date, and

5  both parties assented to form an account stated.

6        It is doubtful if the foregoing would, under any view, constitute an

7  independent cause of action as an account stated. An account stated is a document – a writing – which exhibits the state of account between

8  parties and the balance owing from one to the other; and when assented to, either expressly or impliedly, it becomes a new contract. An action

9  upon it is not founded upon the original items, but upon the balance agreed to by the parties. ... **But the account, in order to constitute a**

10  **contract, should appear to be something more than a mere memorandum; it should show upon its face that it was intended to**

11  **be a final settlement up to date. And this should be expressed with clearness and certainty.**

12  *Coffee v. Williams*, 103 Cal. 550, 556 (Cal. 1894) (Bold face added.)

13        This issue was recently addressed in the Southern District of California and

14  Judge Hayes noted that, "In order to constitute an account stated, there must be an

15  "element of finality" to the statement...." *Alaan v. Asset Acceptance LLC*, 2011

16  U.S. Dist. LEXIS 88104, at 24. After *Coffee* was decided, Supreme Court of

17  California again stated this holding:

18        There is in the case before us no element of finality, as the parties were

19  still transacting business. These statements were sent periodically and business was continued between them as before. There is no ground

20  whatever for the contention that the account was rendered and intended to be an account stated, or that said *Osborne*, either expressly or

21  impliedly, considered that it was such.

22  *American Fruit Growers, Inc. v. Jackson*, 203 Cal. 748, 751-752 (Cal. 1928).

23        The issue before the court is whether or not an account stated was formed.

24  Since the parties disagree as to what exactly is required to form an account stated,

25  the documents and discovery should be focused on that issue only.

26        This discovery dispute is based on Defendant requesting all of Plaintiff's

27  personal financial records from which a payment may have been made on this

28  alleged account. Defendant claims that it needs Plaintiff's highly confidential bank

Solomon Ward Seidenwurm & Smith, LLP

401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (f) 619.231.4755

1   records to "establish through Plaintiff's financial records that Plaintiff made

2   payments to the Original creditor," and to then "match Plaintiff's payment to

3   payments reflecting in billing statements" which would "tend to prove the Plaintiff

4   in fact owed the accounts, received billing statements, and did not object to them."

5   Defendant hopes to use this fishing expedition to discover information necessary to

6   establish the formation of an account stated.

7       Whether Plaintiff had the account with the original creditor is almost

8   irrelevant here, and whether payments were made to the original creditor doesn't

9   come anywhere near establishing an account stated. However, there is a better and

10  less intrusive way to get the information. *Jackson v. Unisys, Inc.*, 2009 U.S. Dist.

11  LEXIS 121716 (E.D. Pa. Dec. 31, 2009) (Information should be gleaned from less

12  intrusive methods in an effort to protect a person's privacy interest in his tax

13  returns.)  See also, *United States v. O. K. Tire & Rubber Co.*, 71 F.R.D. 465 (D.

14  Idaho 1976)

15      With this in mind, the first question that should be asked is this- how does

16  discovery of Plaintiff's personal and confidential bank records establish an account

17  stated?  It is difficult to imagine how Plaintiff's bank records could be used as a

18  means to reach this end.   Any information needed to establish Defendant's

19  "defense" can be obtained from the original creditor. The obvious, best, and least

20  intrusive approach here is for Defendant to simply go to the original creditor and

21  say, "You claim there was an account stated here based on a final billing statement,

22  provide us with a copy of that final statement along with any payments made by Mr.

23  Hauswirth on the account."  Not only would this be less intrusive than divulging

24  Plaintiff's personal and confidential bank records, it would allow the parties to

25  examine the writing which Defendants claim exists, and for which Defendants rely

26  on so heavily for their defense. Plaintiff has previously tried to schedule a deposition

27  and request documents from the original creditor in this case, but Defendant has

28  balked at every opportunity. Instead, Defendant insists that Plaintiff turn over all of

Solomon Ward Seidenwurm & Smith, LLP

401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (f) 619.231.4755

1   her private financial records. Plaintiff believes these records to be irrelevant and not

2   leading to other admissible evidence. In light of this issue and being unable to

3   resolve the dispute, Plaintiff is in the process of setting a deposition and production

4   of documents from the original creditor in late March of 2013.

5       In *Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 145 F.R.D. 92 (S.D. Iowa

6   1992), the court held that before a defendant would be permitted to depose

7   plaintiff's president, it would be required to first depose other employees whom

8   plaintiff asserted had more personal knowledge of underlying facts of dispute. That

9   is similar to the issue at hand. Defendant should not be allowed to engage in such

10  an expansive fishing expedition into Plaintiff's personal financial records when

11  there are less intrusive and more efficient means to gather the information

12  Defendant seeks.

13      By going directly to the original creditor and inquiring as to whether the

14  original creditor rendered such a final billing statement to the plaintiff and whether

15  the original creditor actually intended any statement rendered to constitute account

16  stated, the issue here will be narrowed (if not eliminated) to the point where any

17  examination of Plaintiff's billing records will be restricted to a very narrow window

18  of time.

19      Merely claiming that the original creditor *might have* sent out "billing

20  statements," and one of these billing statements *might have* contained an "element

21  of finality," which in turn the original creditor *might have* relied upon to form

22  account stated which Plaintiff *might have* paid, does not establish cause to intrude

23  upon Plaintiff's highly confidential bank records. Defendant could, *instead*, merely

24  subpoena from the original creditor the one final billing statement Defendant hopes

25  to rely upon.

26      Further, one, and only one, billing statement could possibly be relevant; the

27  one that contained an "element of finality." *Alaan v. Asset Acceptance LLC*, 2011

28  U.S. Dist. LEXIS 88104. And even that one billing statement is irrelevant unless it

Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (f) 619.231.4755

1 | "show[s] upon its face that it was intended to be a final settlement up to date ... with

2 | clearness and certainty." *Coffee v. Williams*, 103 Cal. 550, 556 (Cal. 1894).

3 | Defendant cannot use the mere possibility that such a billing statement may exist to

4 | justify its desired fishing expedition.

5 | If the defendant is suggesting that one of these billing statements was the

6 | "final" billing statement, which contained an "element of finality" to it, Defendant

7 | should produce that billing statement so that it can first be examined to determine

8 | whether such statement contained an element of finality. Presumably Defendant has

9 | the billing statement that it claims created this account stated; it did, after all, sue

10 | Plaintiff based on that theory in state court. Once produced, the court can determine

11 | whether the final billing statement contains an element of finality, and if so, which

12 | bank records are needed to resolve this issue and narrow any intrusion into

13 | Plaintiff's financial records.

**IV. Declaration of Compliance with Meet and Confer Requirements Under Civil Local Rule 26.1.a.**

16 | Counsel for the parties met in person on Tuesday, January 22, 2013, to

17 | discuss the above outstanding discovery issues, and were unable to come to an

18 | agreement regarding production of Plaintiff's bank records.

19 | / / /

20 | / / /

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (f) 619.231.4755

DATED: February 15, 2013    Respectfully submitted,

SOLOMON WARD SEIDENWURM & SMITH, LLP

By:  *s/Thomas F. Landers*
—————————————————
THOMAS F. LANDERS
LEAH S. STRICKLAND
Attorneys for Defendant MIDLAND FUNDING, LLC

DATED: February 15, 2013    HYDE & SWIGART

By:  *s/Joshua B. Swigart*
—————————————————
JOSHUA B. SWIGART
ROBERT L. HYDE
Attorneys for Plaintiff CHARLIE HAUSWIRTH

## Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Joshua B. Swigart, counsel for plaintiff, and that I have obtained Mr. Swigart's authorization to affix his electronic signature to this document.

*s/ Thomas F. Landers*
—————————————————
THOMAS F. LANDERS

# EXHIBIT 1

1 Joshua B. Swigart, Esq. (SBN: 225557)
2 josh@westcoastlitigation.com
  Robert L. Hyde, Esq. (SBN: 227183)
3 bob@westcoastlitigation.com
  **Hyde & Swigart**
4 411 Camino Del Rio South, Suite 301
5 San Diego, CA 92108-3551
  Telephone: (619) 233-7770
6 Facsimile: (619) 297-1022

7

8 Attorneys for Plaintiff, Charlie Hauswirth

9

10

11
                **UNITED STATES DISTRICT COURT**
12
              **SOUTHERN DISTRICT OF CALIFORNIA**
13

14 | Charlie Hauswirth | **Case No: 12-CV-00711 DMS (DHB)** |
15 | | |
   | Plaintiff, | **PLAINTIFF CHARLIE** |
16 | v. | **HAUSWIRTH'S RESPONSES TO** |
   | | **DEFENDANT MIDLAND FUNDING,** |
17 | Midland Funding, LLC, Legal | **LLC'S REQUESTS FOR ADMISSION,** |
   | Recovery Law Offices, Inc., and | **SET ONE** |
18 | Mark D. Walsh | |
19 | | |
   | Defendant. | |
20

21 PROPOUNDING PARTY:        DEFENDANT, MIDLAND FUNDING, LLC
   RESPONDING PARTY:         PLAINTIFF, CHARLIE HAUSWIRTH
22 SET NO.:                  ONE

23     TO  DEFENDANT    MIDLAND  FUNDING,  LLC,  AND  ITS

24 **ATTORNEYS OF RECORD:**

25 **COMES NOW** Plaintiff, **CHARLIE HAUSWIRTH'S**, by and through counsel,

26 hereby responds as follows to Defendant **MIDLAND FUNDING LLC'S**

27 REQUESTS FOR ADMISSION to Plaintiff, heretofore filed in this case, without

28 in any way waiving or intending to waive, but on the contrary intending to reserve

   and reserving:

Exhibit 1
Page 1

(a) All questions and objections as to competency, relevancy, materiality, privilege admissibility as evidence for any purpose in any subsequent proceeding in, or the hearing of this action, of any of these answers or the subject matter thereof;

(b) The right to object to the use of any of said answers, or the subject matter thereof, in any subsequent proceeding, in or the hearing of this action, on any grounds;

(c) The right to object on any grounds or at any time to demand for further response to these or other discovery documents or other discovery procedures involved or related to the subject matter of the requests for admissions herein answered; and

(d) The right at any time, to revise, correct, add to or clarify any of said answers propounded herein.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO 1:

Admit YOU had a credit card account bearing account no. 4018040019787686. "YOU," "YOUR" or "HAUSWIRTH" mean CHARLIE HAUSWIRTH and his agents and any PERSON acting on his behalf.

The terms "PERSON" or "PERSONS" mean all individuals and entities of any form including a natural person, firm, association, organization, partnership, business, trust, corporation, joint venture, or public entity and their agents, employees, representatives and any other persons acting on their behalf.

### RESPONSE TO REQUEST FOR ADMISSION NO 1:

Deny.

### REQUEST FOR ADMISSION NO 2:

Admit YOU used the credit card account bearing account no. 4018040019787686 to purchase goods or services.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

HYDE & SWIGART
San Diego, California

Exhibit 1
Page 2

Deny.

**REQUEST FOR ADMISSION NO 3:**

Admit YOU incurred a balance on the credit card account bearing account no. 4018040019787686.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny.

**REQUEST FOR ADMISSION NO 4:**

Admit that YOU failed to pay in full the balance due for the credit card account bearing the account no. 4018040019787686.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Deny.

**REQUEST FOR ADMISSION NO 5:**

Admit YOU received billing statements for the credit card account bearing account no. 4018040019787686.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Deny.

**REQUEST FOR ADMISSION NO 6:**

Admit that YOU never objected in writing to any billing statement YOU received for the credit card account bearing account no. 4018040019787686.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admit.

**REQUEST FOR ADMISSION NO 7:**

Admit YOU received the billing statement attached hereto as Exhibit 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Upon a reasonable inquiry, Plaintiff lacks sufficient information to admit or deny the matter stated in the request. Discovery and investigation are ongoing..

**REQUEST FOR ADMISSION NO 8:**

Admit YOU never objected in writing to the billing statement attached hereto as Exhibit 1.

HYDE & SWIGART
San Diego, California

Exhibit 1
Page 3

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Deny.

**REQUEST FOR ADMISSION NO 9:**

Admit YOU never objected orally to the billing statement attached hereto as Exhibit 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Upon a reasonable inquiry, Plaintiff lacks sufficient information to admit or deny the matter stated in the request. Discovery and investigation are ongoing.

**REQUEST FOR ADMISSION NO 10:**

Admit YOU failed to pay the balance due shown on the billing statement attached hereto as Exhibit 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Deny.

Dated: November 15, 2012            **Hyde & Swigart**

By: _____

Joshua B. Swigart
Attorneys for Plaintiff

Exhibit 1
Page 4

Charlie Hauswirth
v.
Midland Funding, LLC, Legal Recovery
Law Offices, Inc., and Mark D. Walsh

**Court Name:** UNITED STATES DISTRICT COURT, SOUTHERN
DISTRICT OF CALIFORNIA
**Case No.:**    12-CV-0711-DMS-DHB

## VERIFICATION

I am the Plaintiff in the above-captioned matter. I am familiar with the contents of the foregoing:

- **PLAINTIFF CHARLIE HAUSWIRTH'S RESPONSES TO DEFENDANT MIDLAND FUNDING, LLC'S REQUESTS FOR ADMISSIONS, SET ONE**

The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document is true, except as to the matters, which were provided by my attorneys or other agents, and as to those matters, I am informed and believe that they are true.

I declare, under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed on _10-23-12_____ , at _San Diego, CA___ .
          (Date)                    (City, State)

_Charlie Hauswirth_
**Charlie Hauswirth**

Exhibit 1
Page 5

# EXHIBIT 2

1   Joshua B. Swigart, Esq. (SBN: 225557)
2   josh@westcoastlitigation.com
    Robert L. Hyde, Esq. (SBN: 227183)
3   bob@westcoastlitigation.com
    **Hyde & Swigart**
4   411 Camino Del Rio South, Suite 301
5   San Diego, CA 92108-3551
    Telephone: (619) 233-7770
6   Facsimile: (619) 297-1022

7
    Attorneys for Plaintiff, Charlie Hauswirth
8

9

10                  **UNITED STATES DISTRICT COURT**
11                **SOUTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| Charlie Hauswirth | Case No: 12-CV-00711 DMS (DHB) |
| Plaintiff, | **PLAINTIFF CHARLIE HAUSWIRTH'S RESPONSES TO DEFENDANT MIDLAND FUNDING, LCC'S INTERROGATORIES, SET ONE** |
| v. | |
| Midland Funding, LLC, Legal Recovery Law Offices, Inc., and Mark D. Walsh | |
| Defendants. | |

20  PROPOUNDING PARTY:    **DEFENDANT, MIDLAND FUNDING, LLC**
21  RESPONDING PARTY:     **PLAINTIFF, CHARLIE HAUSWIRTH**
    SET NO.:              **ONE**
22
        TO DEFENDANT    MIDLAND FUNDING, LLC, AND ITS
23
    ATTORNEYS OF RECORD:
24
    COMES NOW Plaintiff, **CHARLIE HAUSWIRTH'S**, by and through counsel,
25
    hereby responds as follows to Defendant **MIDLAND FUNDING LLC'S**
26
    SPECIAL INTERROGATORIES to Plaintiff, heretofore filed in this case, without
27
    in any way waiving or intending to waive, but on the contrary intending to reserve
28
    and reserving:

Exhibit 2
Page 6

(a) All questions and objections as to competency, relevancy, materiality, privilege admissibility as evidence for any purpose in any subsequent proceeding in, or the hearing of this action, of any of these answers or the subject matter thereof;

(b) The right to object to the use of any of said answers, or the subject matter thereof, in any subsequent proceeding, in or the hearing of this action, on any grounds;

(c) The right to object on any grounds or at any time to demand for further response to these or other discovery documents or other discovery procedures involved or related to the subject matter of the special interrogatories herein answered; and

(d) The right at any time, to revise, correct, add to or clarify any of said answers propounded herein.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State all residential addresses YOU maintained from January 1, 2002 to the present, including the dates YOU resided at each.

"YOU," "YOUR" or "HAUSWIRTH" mean CHARLIE HAUSWIRTH and her agents and any PERSON acting on her behalf.

The terms "PERSON" or "PERSONS" mean all individuals and entities of any form including a natural person, firm, association, organization, partnership, business, trust, corporation, joint venture, or public entity and their agents, employees, representatives and any other persons acting on their behalf.

### RESPONSE TO INTERROGATORY NO 1:

7969 Golden Avenue, Lemon Grove, CA 91945.

### INTERROGATORY NO. 2:

State whether YOU obtained a credit card account bearing account no. 4018040019787686.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff cannot say whether or not he received a credit card with that exact account number. Discovery and investigation are continuing. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 3:**

State whether YOU used the credit card account bearing account no. 4018040019787686 to purchase goods or services.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff cannot say whether or not he received a credit card with that exact account number. Discovery and investigation are continuing. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 4:**

State whether YOU used the credit card account bearing account no. 4018040019787686 in connection with operating a business?

**RESPONSE TO INTERROGATORY NO. 4:**

No. Plaintiff did not use any credit card he is aware of in connection with operating a business.

**INTERROGATORY NO. 5:**

State whether YOU received billing statements for the credit card account bearing account no. 4018040019787686.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff cannot say whether he received billing statements for the credit card account bearing account no. 4018040019787686. Discovery and investigation are continuing. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 6:**

If YOU received billing statements for the credit card account bearing account no. 5176690012519711, IDENTIFY all instances in which YOU sent a written objection to the ORIGINAL CREDITOR RELATING to the balance shown

Exhibit 2
Page 8

on the billing statement.

"IDENTIFY" when used with respect to a PERSON shall mean to provide the name, last known address and last known telephone number of the PERSON. When used with respect to a DOCUMENT, it shall mean to provide a description of the DOCUMENT (including date and title, where applicable) sufficiently specific to enable a request for production, together with the current location of the DOCUMENT. When used in reference to an event, means to give specific details for the event, including without limitation, dates, times, circumstances and PERSONS present or participating.

"DOCUMENT" or "DOCUMENTS" mean any and all other writings as defined in Federal Rule of Evidence 1001. It includes also any email and electronically stored information ["ESI," Fed.R.Civ.P. 34(a)(1)(A)], accessible or inaccessible, on magnetic or optical storage media, whether as active files, "deleted" files, backup files, file fragments, or slack.

"ORIGINAL CREDITOR" means and is defined herein as the party who initially offered credit to Plaintiff on the account that is the subject of the STATE COURT COMPLAINT.

STATE COURT COMPLAINT" means the matter entitled Midland Funding, LLC v. Charlie Hauswirth, Superior Court of California for the County of San Diego case number 37-2010-70826-CL-CL-EC.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff never sent in any written objections.

**INTERROGATORY NO. 7:**

If YOU received billing statements for the credit card account bearing account no. 4018040019787686, IDENTIFY all instances in which YOU objected orally to the ORIGINAL CREDITOR RELATING to the balance shown on the billing statement.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff called Original Creditor once, but cannot speak to the specific

Exhibit 2
Page 9

details of that telephone call or if it was in relation to account no. 4018040019787686.

**INTERROGATORY NO. 8:**

IDENTIFY all FINANCIAL ACCOUNTS YOU maintained from January 1, 2002 to the present.

"FINANCIAL ACCOUNTS" means any banking, checking, savings, credit union account, or any other account in which YOU maintained funds, or in which funds were maintained on YOUR behalf, or other account containing funds to which YOU had access, but excluding retirement accounts.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. Plaintiff's financial accounts are not reasonably calculated to lead to discoverable information and invades Plaintiff's privacy. Plaintiff will not be providing this information.

**INTERROGATORY NO. 9:**

IDENTIFY all FINANCIAL ACCOUNTS from which YOU made any payment toward any balance due for the credit card account bearing the account no. 4018040019787686.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. Plaintiff's financial accounts are not reasonably calculated to lead to discoverable information and invades Plaintiff's privacy. Plaintiff will not be providing this information.

**INTERROGATORY NO. 10:**

State why YOU failed to pay the balance due in full for the credit card account bearing the account no. 4018040019787686.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff does not recall the exact account numbers of the credit cards he has had and cannot state whether he paid the full balance. If he did pay the full balance he can not state why he did not pay the full balance. Discovery and investigation are continuing. Plaintiff reserves the right to supplement this response.

Exhibit 2
Page 10

Dated: November 15, 2012                          **Hyde & Swigart**

                                                  By: _____
                                                      Joshua B. Swigart
                                                      Attorneys for Plaintiff

HYDE & SWIGART
San Diego, California

Exhibit 2
Page 11

Charlie Hauswirth
v.
**Midland Funding, LLC, Legal Recovery**
**Law Offices, Inc., and Mark D. Walsh**

**Court Name:** UNITED STATES DISTRICT COURT, SOUTHERN
DISTRICT OF CALIFORNIA
**Case No.:**    12-CV-0711-DMS-DHB

## VERIFICATION

I am the Plaintiff in the above-captioned matter. I am familiar with the
contents of the foregoing:

- **PLAINTIFF CHARLIE HAUSWIRTH'S RESPONSES TO**
  **DEFENDANT MIDLAND FUNDING, LLC'S**
  **INTERROGATORIES, SET ONE**

The information supplied therein is based on my own personal knowledge
and/or has been supplied by my attorneys or other agents and is therefore
provided as required by law. The information contained in the foregoing
document is true, except as to the matters, which were provided by my
attorneys or other agents, and as to those matters, I am informed and believe
that they are true.

I declare, under the penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

Executed on _10-23-12_____, at _San Diego, CA._
           (Date)         (City, State)

_Charlie Hauswirth_
**Charlie Hauswirth**

Exhibit 2
Page 12

1  *Hauswirth v. Midland Funding, LLC, Legal Recovery Law Offices, Inc. & Mark D. Walsh*
2  *United States District Court for the Southern District of California*
   *12-CV-00711-DMS-DHB*
3                            PROOF OF SERVICE
4  I, Brittney Miller, declare as follows:

5  I am over the age of eighteen years and not a party to the case. I am employed in the County of San Diego, California,
   where the mailing occurs. My business address is 411 Camino del Rio South, Suite 301, San Diego, CA, 92108. I am
6  readily familiar with our business' practice of collecting, processing, and mailing of correspondence and pleadings for
   mail with the United States Postal Service.

7  On November 15, 2012, I served the foregoing document(s) described as:

8  **Plaintiff's Responses to Defendant Midland Funding, LLC's Requests for Admissions, Set One**
   **Plaintiff's Responses to Defendant Midland Funding, LLC's Requests for Production of Documents, Set One**
9  **Plaintiff's Responses to Defendant Midland Funding, LLC's Interrogatories, Set One**
   **Verification of Plaintiff's Responses to Defendant Midland Funding, LLC's Requests for Admissions, Set One**
10 **Verification of Plaintiff's Responses to Defendant Midland Funding, LLC's Requests for Production of**
   **Documents, Set One**
11 **Verification of Plaintiff's Responses to Defendant Midland Funding, LLC's Interrogatories, Set One**

12 On the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

13     Midland Funding, LLC                    Legal Recovery Law Offices, Inc. & Mark D. Walsh
       Thomas F. Landers
14     Leah S. Strickland                      David Cotter
       Solomon Ward Seidenwurm & Smith, LLP    Legal Recovery Law Offices, Inc.
15     401 B. Street, Suite 1200               5030 Camino De La Siesta # 340
       San Diego CA 92101                      San Diego CA 92108
16

17     [X] BY OVERNIGHT MAIL, by placing a copy thereof in a separate envelope for each addressee named above,
18     addressed to each addressee respectively, and then sealed each envelope and, with the postage fully prepaid,
       deposited each in the Overnight delivery receptacle mail at Riverside, California in accordance with our
19     business' practice.

20 I declare under penalty under perjury under the laws of the State of California that the foregoing is true and correct.
   Executed on November 15, 2012, at San Diego, California.
21

22

23                                             Brittney Miller

24

25

26

27

28

                            Proof of Service

Exhibit 2
Page 13

HYDE & SWIGART
Riverside, California

# EXHIBIT 3

CHARLIE B HAUSWIRTH
7967 GOLDEN AVE
LEMON GROVE                  CA
91945-1811000

CITI CARDS
PROCESSING CENTER
DES MOINES, IA
50363-0001

# Citi® Platinum Select® Card

citi®

**Account Number**
4018 0400 1978 7686

**Customer Service:**
1-800-362-3334

PO BOX 142319
IRVING, TX
75014-2319

| | Total Credit Line | Available Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| | $3880 | $0 | $2800 | $0 | $4628.20 |
| | Statement/ Closing Date | Amount Over Credit Line | Past Due | Purch/Adv Minimum Due | Minimum Amount Due |
| | 12/24/2007 | $748.20 | $991.55 | $167.13 | $4628.20 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | 12/24 | | Standard Purch PURCHASES*FINANCE CHARGE*PERIODIC RATE 84 0000 0 70000000000 | 37.71 |
| | 12/24 | | Purch/Adv Thru 12/23/2005 PURCHASES*FINANCE CHARGE*PERIODIC RATE 84 0000 0 70000000000 | 83.42 |

Help is available!  Please call the toll-free number shown above to learn about
our special payment options.  Call Monday - Friday, 7 am to 9 pm, or Saturday,
8 am to 5 pm, Central Time.  Please give us the opportunity to assist you.

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $4,507.07 | $0.00 | $0.00 | $121.13 | $4,628.20 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $4,507.07 | $0.00 | $0.00 | $121.13 | $4,628.20 |

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES | | | | |
| Standard Purch | $1,421.21 | 0.08559%(D) | 31.240% | 31.240% |
| Purch/Adv Thru 12/23/2005 | $3,144.20 | 0.08559%(D) | 31.240% | 31.240% |
| ADVANCES | | | | |
| Standard Adv | $0.00 | 0.08559%(D) | 31.240% | 31.240% |

MF-HAU000014

Exhibit 3
Page 14

# EXHIBIT 4

# HYDE & SWIGART
Attorneys at Law

SAN DIEGO, CA    411 Camino Del Rio South,
Suite 301
SAN FRANCISCO, CA    San Diego, CA 92108

RIVERSIDE, CA    T (619) 233-7770
ORANGE, CA    F (619) 297-1022

PHOENIX, AZ    www.westcoastlitigation.com

**Attorney Bar Licenses:**
Robert L. Hyde (CA & MN)
Joshua B. Swigart (CA & DC)
David J. McGlothlin (AZ & CA)
Andrea Darrow Smith (CA)
Desiree D. Nguyen (CA)

January 31, 2013

Thomas F. Landers
Leah S. Strickland
**SOLOMON WARD**
401 B, Street, Suite 1200
San Diego CA 92101
tlanders@swsslaw.com
lstrickland@swsslaw.com

***RE: Your Previous Correspondence Concerning the Acosta v. Midland Funding, LLC, Legal Recovery Law Office, Inc, and Mark Walsh and other Related Cases***

Dear Counsel:

This is a letter to summarize what changes if any will be made by our clients discovery responses regarding issues you raised in your meet and confer letter and our meeting following. My understanding from our meeting is that you request supplemental responses from the following plaintiffs; Maria Real, Charlie Hauswirth, Bradley Vogt, and Suzan Tapp. We have conferred with all four of the above listed Plaintiffs and below is what additional information we can provide. spoke with them and reviewed the documentation in detail.

Plaintiff Maria Real
Ms. Real does not recognize any of the document provided by Midland and/or the alleged original creditor HSBC. She cannot state with any certainty that the alleged account is her account. Ms. Real would testify in a deposition that she does not recall opening a HSBC account. It is difficult to go into any detail with her concerning the alleged account, as your client has not provided any statements with transaction detail. As Ms. Real does not recall this account and HSBC has submitted a declaration that no account existed, there is nothing to supplement. If you desire to take Ms. Real's deposition, please advise. The creditor documentation including that from HSBC

Plaintiff Charlie Hauswirth
Mr. Hauswirth has further reviewed the documents supplied by your client. After a further review he recalls at one time having an account with Chase. He does not recall the agreement attached as being his. He does not have a specific recollection of making payments in the amount listed, but had a prior history of making minimum monthly payments on similar accounts. Further, he would make any payments on his accounts, Chase included, with a money order, so any banking records would not evidence payment on the account. Please advise if you would like Mr. Hauswirth to supplement any responses and/or have his deposition taken.

Plaintiff Bradley Vogt
Mr. Vogt further reviewed the documents provided by your office. He has no recollection of the account and believes that the account may have been opened by someone else using his identify and does not recognize any of

Exhibit 4
Page 15

the listed charges. Mr. Vogt would testify that he had no knowledge of the account until he was sued by your client. The address present on the statement is not his mailing address, but an address used for his employer's headquarters. He has never received statements on this alleged account or other mail at this address. Additionally, any mail received at this address was never forwarded to him. Mr. Vogt reviewed the signature on the application card and believes someone forged his signature. If you want Mr. Vogt to supplement these responses and/or take his deposition, please let me know.

Plaintiff Tapp
Ms. Tapp is currently in Turkey and our office has been unable to reach her for a further phone interview concerning the issues you raised. We are in the process of setting a time to discuss this matter, but as of the date of this letter, we have nothing to supplement for Ms. Tapp.

As we discussed, I am open to having any or all of my client's sit for a deposition. We would request that a 30(b)(6) witness be identified and scheduled from your side to correspond with each Plaintiff's deposition. I believe we have previously noticed depositions, but had postponed them due to a further agreement. Please let me know with regard to this issue.


Sincerely,


/s/Joshua B. Swigart

Exhibit 4
Page 16